UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**ALFRED LEE MAULDIN**                                                                 **PETITIONER**
Reg #14877-075

vs.                          No. 2:10-cv-00032-BSM-BD

**T.C. OUTLAW, Warden**
Federal Correctional Complex,
Forrest City, Arkansas                                                                 **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II.     Introduction

In November, 1995, a jury in the Middle District of Tennessee convicted Petitioner Alfred Lee Mauldin of various federal criminal offenses. *Mauldin v. U.S.*, 2008 WL 821523 at *1 (M.D. Tenn. 2008). He was sentenced to a total of 322 months' incarceration in the United States Bureau of Prisons ("BOP"). *Id*. at *1. The Sixth Circuit Court of Appeals affirmed his conviction and sentence on direct appeal. *U. S. v. Mauldin*, 109 F. 3d 1159 (6th Cir. 1997). Petitioner is currently in serving his sentence at the Federal Correctional Complex ("FCC"), Forrest City, Arkansas.

On March 8, 2010, Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, the Court recommends that the District Court summarily dismiss the petition without prejudice for lack of jurisdiction.

## III.    Prior Petitions

On February 6, 2002, Petitioner brought a petition under 28 U.S.C. § 2241 in the United States District Court for the District of Columbia. *Mauldin v. Bureau of Prisons*, No. 1:02cv232 (D.C. Feb. 6, 2002). On April 12, 2002 the district court transferred the case to the United States District Court for the Eastern District of North Carolina, where the Petitioner was incarcerated. After reviewing the petition and other documents filed by

the Petitioner, the district court dismissed the petition as frivolous. *Mauldin v. Federal Bureau of Prisons*, No. 5:02-HC-336-H (E.D. N.C. July 5, 2002). Petitioner appealed the dismissal to the Fourth Circuit Court of Appeals which affirmed by unpublished, *per curiam* order. *Mauldin v. Federal Bureau of Prisons*, No. 02-7230, (4th Cir. 2003).

On March 27, 2002, Petitioner filed a petition under 28 U.S.C. § 2241 in the Eastern District of North Carolina. The Court found that the petition raised issues attacking the legality of his sentence more appropriate for a petition under 28 U.S.C. § 2255 and denied the petition because the petitioner had not established that relief under § 2255 was inadequate. The Fourth Circuit affirmed in an unpublished, *per curiam* order. *Mauldin v. U.S.*, No. 02-6725, 2002 WL 31141347, *1 (4th Cir. Sept. 27, 2002).

On February 21, 2006, Petitioner filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina. Petitioner claimed he was being unlawfully detained due to "factual inaccuracies" contained in his pre-sentence report. See *Mauldin v. Stansberry*, No. 5:06-hc-02023-D, 2007 WL 2904147 at *1 (E.D.N.C. filed Feb. 1, 2007; entered Feb. 2, 2007). The district court noted that the Petitioner had unsuccessfully raised the same issues in a petition under 28 U.S.C. § 2255, and the Sixth Circuit had denied his request for leave to file a successive petition. *Id*. The district court dismissed the petition because the Petitioner did not establish that

§ 2255 was an inadequate or ineffective remedy. *Id*. Petitioner appealed the dismissal to the Fourth Circuit Court of Appeals which affirmed. *Mauldin v. Johns* No. 07-6199, 234 Fed.Appx. 122, 2007 WL 2088883, *1 (4th Cir. 2007)

On January 3, 2007, Petitioner again filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina. The district court found that the Petitioner was claiming unconstitutional conditions of confinement and dismissed the petition so he could re-file it as an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971). See *Mauldin v. Stansberry*, No. 5:07-hc-02002 (E.D.N.C. Apr. 5, 2007). Petitioner appealed the district court's dismissal. The Fourth Circuit affirmed, finding no reversible error, but modified the district court's order to reflect that the dismissal was without prejudice. *Mauldin v. Stansberry* No. 07-6643, 242 Fed.Appx. 31, 32, 2007 WL 1875914, 1 (4th Cir. 2007).

On August 5, 2008, Petitioner filed yet another petition under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina, claiming that he was actually innocent of the crime for which he was convicted in the Middle District of Tennessee and was also innocent of the crime that was listed in the pre-sentence report that he claims was the basis for his enhanced sentence. *Mauldin v. Johns*, No. 5:08-HC-2115-D (E.D.N.C. October 10, 2008). Mr. Mauldin also filed a motion to transfer his case. The district court entered an order on October 10, 2008, dismissing his § 2241 petition without prejudice, and denying his motion to transfer as moot.

4

The district court held that Petitioner had not established that relief under § 2255 was inadequate or submitted any new evidence of actual innocence. The district court also found that Petitioner had filed a prior § 2241 petition in the Eastern District of North Carolina, which was also dismissed, alleging his sentence was unlawful because of alleged misinformation in his pre-sentence report. Mr. Mauldin appealed the district court's order to the Fourth Circuit Court of Appeals, Case No. 08-8363, which dismissed the appeal on January 9, 2009, for failure to prosecute.

In addition, from April, 1996 to August, 2003, Mr. Mauldin filed five petitions under 28 U.S.C. § 2255 in the Middle District of Tennessee. The Sixth Circuit twice denied a motion for a certificate of appealability. Petitioner filed a motion with the Sixth Circuit in January of 2006, for permission to file a successive § 2255 petition, which was denied.

Petitioner filed another motion with the Sixth Circuit in September, 2007, for permission to file a successive § 2255 petition in the Middle District of Tennessee and at the same time filed a motion to submit newly received state-court records. The Sixth Circuit granted his motion to submit the state-court records, and denied his motion for permission to file a successive § 2255 motion to vacate his sentence. Mr. Mauldin received a letter dated May 7, 2008, from the Sixth Circuit explaining the Court's April 21, 2008 order. Relying on the Sixth Circuit's authorization to submit state-court records to the district court, on July 9, 2008, Mr. Mauldin filed a § 2255 petition in the Middle

District of Tennessee, Case No. 1:08CV00038. The court granted Petitioner's motion for appointment of counsel, and the case is still pending.

In December 2008, Mr. Mauldin filed a petition in this Court under 28 U.S.C. § 2241. *Mauldin v. Outlaw et al.*, No. 2:08cv00213-BD (filed December 11, 2008). In his 2008 petition, Petitioner claimed that his convictions were based upon a "fraud upon the court" because of false information in his pre-sentence report. Petitioner also claimed that "no-one [sic] had exclusive authorize [sic] jurisdiction to charge, convict, and sentence the Petition [sic] which makes current cause of incarceration void and of no legal force or effect." (No. 2:08cv00213, docket entry #18 at p. 3) He further claimed that he had been denied the right to be heard and to present his § 2241 petitions. Finally, Petitioner requested that his case in the Eastern District of North Carolina, Case No. #5:08-HC-2115-D, be transferred to this court, and that his appeal to the Fourth Circuit, Case No. 08-8363, be stayed since he was incarcerated within the Eastern District of Arkansas.[1] In an order dated August 14, 2009, this Court dismissed Petitioner's habeas corpus petition without prejudice for lack of jurisdiction. (No. 2:08cv00213, docket entry #43)

---

[1] As explained above, the District Court for the Eastern District of North Carolina entered an order dismissing his § 2241 petition and denying his motion for transfer before Petitioner filed his 2008 § 2241 petition in the Eastern District of Arkansas.

IV.   **Discussion**

A federal habeas corpus petition is required to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  See Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; *Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 2570 (2005).  "'If it plainly appears from the petition [and any attached exhibits] that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Mayle v. Felix*, 125 U.S. at 656 (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts).  Rules 2 and 4 of the Rules Governing Section 2254 Cases are applicable to § 2241 petitions through Rule 1(b). *Antonelli v. Sanders*, No. 2:05cv00314, 2006 WL 897665, *2 (E.D. Ark. 2006) (citations omitted).  To avoid summary dismissal, a petitioner must state facts that support each ground for relief claimed. *Mayle v. Felix*, 125 U.S. at 655 (citing Advisory Committee's Note on Habeas Corpus Rule 4).

The Court has reviewed Petitioner's latest petition and, as far as can be discerned, Petitioner claims:  (1) Tennessee did not have jurisdiction to indict him; (2) the District Court responsible for his current incarceration has repeatedly covered up "prohibited conduct" (#2 at p. 1); (3) Defendants have committed "fraud upon the court" sufficient to void the judgment that led to his current incarceration (#2 at pp. 2-3); (4) the "[D]istrict [C]ourt, Sixth Circuit and Supreme Court" have refused to allow him  "to present the

issues complained about herein" (#2 at p. 4); (5) inmates in the BOP are given "work-performance assignments" that save the BOP "Millions if not Billions" (#2 at p. 5); (6) "over-incarceration" is costing taxpayers millions (#2 at pp. 5-6); and (7) the BOP is "over populating" federal prisons. (#2 at p. 6)

Petitioner asks the Court to appoint a "Special Grand Jury" to "investigate the claims stated herein, and order the Warden to release the Prisoner from exploited prison labor sentence, since the records proves [sic] that the Jurisdiction Statutory Citation was not under the jurisdiction of the United States."

A.   *Petitioner's Challenge to His Current Sentence*

A challenge to the validity of the sentence itself must be brought under 28 U.S.C. § 2255 in the district of the sentencing court. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (citing *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995)); accord *Alevras v. Snyder*, No. 99-2467, 1999 WL 1059831 (8th Cir. Nov.16, 1999). In the instant petition, Petitioner's claims that the District Court did not have jurisdiction, that a "fraud on the court" voids the judgment under which he is incarcerated, and that he is entitled to be released. These claims attack the validity of his sentence and must be brought in the district of the sentencing court through a motion under 28 U.S.C. § 2255(a).

Petitioner claims the District Court, Sixth Circuit, and Supreme Court have refused to allow him to present these issues. As noted, however, Petitioner currently has a

motion to vacate under 28 U.S.C. § 2255 pending in the United States District Court for the Middle District of Tennessee, Case No. 1:08cv00038. Consequently, Petitioner cannot establish that relief under § 2255 is inadequate or unavailable to pursue a habeas claim as required by 28 U.S.C. § 2255(e).

B.  *Petitioner's Other Claims*

A writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id*. at 489. On the other hand, "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core." *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct. 2117, 2122 (2004). A federal prisoner may raise his challenge to his conditions of confinement in a civil rights action brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).

In his remaining claims, Petitioner does not challenge the legality of his confinement. He brings all of his remaining claims, on behalf of "the citizens currently in federal prisons," complaining about the manner in which the BOP operates its facilities and spends taxpayer money. Instead of a seeking a change in the duration of his sentence, Petitioner seeks a grand jury inquiry into the BOP's practices. Petitioner does not claim

that he has been denied good time credit affecting the duration of his confinement, but rather claims that if the BOP awarded all of its inmates seven additional days of good time credit, it would save taxpayers money. (#2 at p. 5) This Court does not have subject matter jurisdiction over these claims in a petition for writ of habeas corpus brought under 28 U.S.C. § 2241, and it cannot grant the relief Petitioner seeks.[2]

Accordingly, this Court recommends that the District Court summarily dismiss the petition for lack of jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases.

V.  **Conclusion**

The Court recommends that the District Court dismiss Alfred Lee Mauldin's habeas corpus petition (#2), without prejudice, for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases and deny Petitioner's motion for leave to proceed *in forma pauperis* (#1) as moot.

IT IS SO ORDERED this 16th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] If Petitioner wishes to challenge the conditions of his confinement, he must do so in a separate *Bivins* action which would be subject to the 1996 Prison Litigation Reform Act ("PLRA") and the PLRA's requirement that he pay the civil action filing fee of $350 rather than the $5 filing fee for habeas petitions. A *Bivens* action is also subject to the PLRA's exhaustion provision set forth at 42 U.S.C. § 1997e(a), which requires dismissal of any action filed prior to exhaustion of administrative remedies. See *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002).